CHARLES E. BERG, *et ux.,* v. CHARLES W. PETTY

160 So. 4.

Opinion Filed December 13, 1934.

Petition for Rehearing Denied January 26, 1935.

*Errol S. Willes* and *T. B. Ellis, Jr.,* for Appellants;

*Vocelle & Mitchell,* for Appellee.

PER CURIAM.—Appeal before us is from final decree in foreclosure. No reversible error is made to appear and, therefore, decree should be affirmed.

It is so ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

ON REHEARING.

PER CURIAM.—A petition for rehearing has called to our attention the fact that in the final decree from which appeal was taken the Chancellor figured the interest on the principal due on the note secured by the mortgage at 8%,

while a note which was introduced in evidence bears interest at the rate of 6%. The mortgage being foreclosed, however, contains the following stipulation and obligation on the part of the mortgagor:

"PROVIDED ALWAYS, That if said Mortgagors, their heirs, legal representatives or assigns, shall pay unto the said Mortgagee, his legal representatives or assigns, 3 certain promissory notes made by L. C. MARTIN payable to CHARLES W. PETTY dated the 29th day of July, A. D. 1925, for the sum of Twenty-two Hundred Thirty-three and 33/100 Dollars, each, with interest at 8 per cent, from date payable semi-annually.

"And shall perform, comply with and abide by each and every the stipulations, agreements, conditions and convenants of said promissory notes and of this deed, then this deed and the estate hereby created shall cease and be null and void.

"And the said mortgagors for themselves and their heirs, legal representatives and assigns, hereby covenant and agree:

"1. To pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this deed, or either, promptly on the days respectively the same severally come due.

"2. To pay all and singular the taxes, and assessments, levies, liabilities, obligations and encumbrances of every nature on said described property each and every. And if the same be not promptly paid the said Mortgagee, his heirs, legal representatives and assigns, may at any time pay the same without waiving or affecting the option to foreclose or any right hereunder and every payment so made shall bear interest from the date thereof at the rate of 8 per cent per annum."

In the bill of complaint, however, the complainant sought

to foreclose a mortgage which was given to secure the payment of three promissory notes of even date in the sum of $2,233.33 each, payable one, two and three years after date and bearing interest at the rate of 8 per cent per annum from date. These notes were dated July 29, 1925.

The record shows that on October 20, 1928, an agreement was entered into between the parties by which Berg agreed to pay Petty $850.00 balance in satisfaction of the mortgage and then executed three notes, one for $283.33 payable December 1, 1928, one for like amount due February 1, 1929, and one for $283.34 due April 1, 1929, and it was one of these notes that was introduced in evidence.

This settlement was the result of an agreement between the parties that the balance due on the mortgage would be discounted to the amount represented by the three notes, but it appears from the record that the defendant contended that there was a mistake made in figuring the balance due on the mortgage; that Berg paid the notes due December 1, 1928, and February 1, 1929, and paid $100.00 on the last note, then discovered the mistake that is alleged to have been made and refused to pay any more, claiming that he had already overpaid the total indebtedness evidenced by the original notes. The Chancellor found against Berg and there is substantial evidence to support the finding.

While it is a general rule that interest must be computed at the rate named in the note rather than the rate named in the mortgage, here we have both mortgage and the original notes naming 8% interest, while in notes that were given to evidence an agreed settlement after an agreed discount of the mortgage indebtedness call for only 6%. If the original notes had only required the payment of 6%, we would hold that the rate controlled, but in the state of the record here we can not say that the Chancellor was clearly wrong in calculating the interest on the balance due at 8%.

Therefore, we reach the conclusion as shown by the order filed herein on December 13, 1934, affirming the decree.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.